

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

GEORGE NELSON, on behalf of himself
and all others similarly situated,

        Plaintiff,

    v.

ROADRUNNER TRANSPORTATION
SYSTEMS, INC.,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. 18 cv 07400

Judge Sara L. Ellis

## ORDER GRANTING MOTION TO NOTICE CLASS

This matter came before the Court on Plaintiff's Motion to Notice the Class. Plaintiff, individually and on behalf of the proposed settlement class, and Defendant have entered into a Settlement Agreement and Release (together the "Settlement Agreement" or "Agreement") that settles the above-captioned litigation.

Plaintiff George Nelson ("Plaintiff" or "Settlement Class Representative") brought this class action case against Roadrunner Transportation Systems, Inc. ("Roadrunner" or "Defendant," and together with Plaintiff, "the Parties"), on November 7, 2018 (Dkt. No. 1.) In the Class Action Complaint ("Complaint") (Dkt. No. 1), Plaintiff asserts claims for (1) negligence, (2) invasion of privacy, (3) breach of implied contract, (4) breach of fiduciary duty, (5) violation of Illinois Personal Information Protection Act ("PIPA"), and (6) violation of Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA").

According to the Complaint, Roadrunner was the subject of a data exposure between April 2018 and May 2018, which resulted in exposure of sensitive employee information to the cybercriminal attacker. The information exposed included names, addresses, social security

numbers, phone numbers, dates of birth, payroll information, dependent information, and health plan information ("HR Data").

The Parties, through their counsel, have entered into a Settlement Agreement following good faith, arm's-length negotiations and a mediation overseen by Faustin A. Pipal of Resolute Systems, LLC. The Parties have agreed to settle this action, pursuant to the terms of the Settlement Agreement, and subject to the approval and determination of the Court as to the fairness, reasonableness, and adequacy of the Settlement which, if approved, will result in dismissal of this action with prejudice.

Having reviewed the Settlement Agreement and Release, including the exhibits attached thereto, and all prior proceedings herein, and for good cause shown, it is hereby ordered that Plaintiff's Motion for Preliminary Approval is granted as set forth herein.[1]

1. **Class Certification for Settlement Purposes Only.** For settlement purposes only and pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e), the Court provisionally certifies a class in this matter defined as follows:

> All current and former Roadrunner employees whose HR Data was compromised as a result of the Data Exposure which occurred between April 2018 and May 2018.

The Court provisionally finds, for settlement purposes only, that: (a) the Settlement Class of approximately 15,000 is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact common to the Settlement Class; (c) the claims of the Settlement Class Representative are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Settlement Class

---

[1] Unless otherwise indicated, capitalized terms used herein have the same meaning as in the Settlement Agreement.

Representative and Settlement Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Settlement Class Representative has no interest antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

### 2. Settlement Class Representatives and Settlement Class Counsel.

George Nelson is hereby provisionally designated and appointed as the Settlement Class Representative. The Court provisionally finds that the Settlement Class Representative is similarly situated to absent Class Members and therefore typical of the Class and that he will be an adequate Settlement Class Representative.

The Court finds that the following counsel are experienced and adequate counsel and are hereby provisionally designated as Settlement Class Counsel pursuant to Federal Rule of Civil Procedure 23(g): John A. Yanchunis of Morgan & Morgan Complex Litigation Group, and Shannon M. McNulty, Clifford Law Offices, P.C..

### 3. Preliminary Settlement Approval. 

Upon preliminary review, the Court concludes and finds that the proposed Settlement is fair, reasonable, and adequate to warrant providing Notice of the Settlement to the Settlement Class and accordingly is preliminarily approved.

### 4. Jurisdiction. 

The Court concludes that it has subject matter jurisdiction pursuant to 28 U.S.C. § 332(d)(2), and personal jurisdiction over the Parties before it for the purposes of the Settlement. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(a).

3

5. **Final Approval Hearing.** A Final Approval Hearing shall be held on August 18, 2020 at 9:30aam in Courtroom 1403, 219 South Dearborn Street, Chicago, Illinois 60604, to determine, among other things, whether: (a) this matter should be finally certified as a class action for settlement purposes pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e); (b) the Settlement should be finally approved as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e); (c) the action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (e) the motion of Settlement Class Counsel for an award of attorneys' fees, litigation costs, and expenses (the "Fee Request") should be approved pursuant to Federal Rule of Civil Procedure 23(h); and (f) the motion of the Settlement Class Representative for a Service Award (the "Service Award Request") should be approved.

Plaintiff's Motion for Final Approval of the Settlement, Service Award Request, and Fee Request shall be filed with the Court at least **30 Days prior to the Final Approval Hearing**. By no later than **14 Days prior to the Final Approval Hearing**, the Parties shall file responses, if any, to any objections, and any replies in support of final approval of the Settlement and/or the Service Award Request and Fee Request.

6. **Administration.** The Court appoints Epiq Systems as the Settlement Administrator, with responsibility for class notice and claims administration and to fulfill the duties of the Settlement Administrator set forth in the Settlement Agreement. Defendant shall pay all costs and expenses associated with providing notice to Settlement Class Members including, but not limited to, the Settlement Administrator's fees, as well as the costs associated with administration of the Settlement.

7. **Claims Referee.** The Court appoints Faustin Pipal as Claims Referee.

8. **Notice to the Class.** The proposed Notice Program set forth in the Settlement Agreement, and the Short-Form Notice, Long-Form Notice, and Claim Form attached to the Settlement Agreement as Exhibits A, B, and C satisfy the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and (e)(1), provide the best notice practicable under the circumstances, and are hereby approved. Non-material modifications to these Exhibits may be made without further order of the Court. The Settlement Administrator is directed to carry out the Notice Program in conformance with the Settlement Agreement.

By **30 days from the date of this Order** (the "Notice Deadline"), the Settlement Administrator shall initiate the Notice Program, which shall be completed in the manner set forth in Section VI of the Settlement Agreement.

9. **Findings and Conclusions Concerning Notice.** The Court finds that the form, content, and method of giving notice to the Settlement Class as described in Paragraph 8 of this Order and the Settlement Agreement (including the exhibits thereto): (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Class Members and other persons entitled to receive notice; and the Court concludes that the Notice Program meets all applicable requirements of law, including Federal Rule of Civil Procedure 23(c) and (e), and the Due Process Clause(s) of the United States Constitution. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Class Members.

10. **Class Action Fairness Act Notice.** Within **10 Days after the filing of the motion for preliminary approval**, the Settlement Administrator shall have served or have caused to be served a notice of the proposed Settlement on appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

11. **Exclusion from Class.** Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written notification of the intent to exclude himself or herself from the Settlement Class to the Settlement Administrator at the address provided in the Notice, postmarked no later than **90 Days from the date of this Order** (the "Opt-Out Deadline"). The written notification must include the individual's full name, address, and telephone number; an unequivocal statement that he or she wants to be excluded from the Settlement Class; and the original signature of the individual or a person previously authorized by law, to act on behalf of the individual with respect to the claims asserted in this Action.

The Settlement Administrator shall provide the Parties with copies of all completed opt-out notifications, and a final list of all who have timely and validly excluded themselves from the Settlement Class, which Settlement Class Counsel may move to file under seal with the Court no later than **10 Days prior to the Final Approval Hearing**.

Any Settlement Class Member who does not timely and validly exclude herself or himself from the Settlement shall be bound by the terms of the Settlement. If Final Judgment is entered, any Settlement Class Member who has not submitted a timely, valid written notice of exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in this matter, including but not limited to the Release set forth in the Final Judgment, including Settlement Class Members who have previously initiated or who subsequently initiate any litigation against any or all of the Released Parties relating to the claims and transactions released in the Settlement

6

Agreement. All Class Members who submit valid and timely notices of exclusion from the Settlement Class shall not be entitled to receive any benefits of the Settlement.

12. **Objections and Appearances.** A Settlement Class Member who complies with the requirements of this paragraph may object to the Settlement, the Service Award Request, or the Fee Request.

No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless the objection is (a) electronically filed with the Court by the Objection Deadline; or (b) mailed first-class postage prepaid to the Clerk of Court, Plaintiff's Counsel, and Defendant's Counsel at the addresses listed in the Notice, and postmarked by no later than the Objection Deadline, as specified in the Notice. For an objection to be considered by the Court, the objection must also include all of the information set forth in Paragraph 91 of the Settlement Agreement, which is as follows:

    a. the objector's full name, current address, telephone number, and email address (if any);

    b. the Settlement Class Member's original signature;

    c. information identifying the objector as a Settlement Class Member, including proof that the objector is within the Settlement Class (e.g., copy of Notice or copy of original notice of the Data Exposure);

    d. a statement of all grounds for the objection, including any legal support for the objection that the objector believes applicable;

    e. identification of all counsel representing the objector;

    f. whether the objector and/or his or her counsel will appear at the Final Approval Hearing;

    g. the signature of the objector's duly authorized attorney or other duly authorized representative, along with documentation setting forth such representation;

      h.     a list, including case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement in the past three (3) years; and

      i.     copies of any documents that the objecting Settlement Class Member wishes to submit in support of his or her position.

Any Settlement Class Member who fails to comply with the provisions in this Paragraph may waive and forfeit any and all rights he or she may have to object, and shall be bound by all the terms of the Settlement Agreement, this Order, and by all proceedings, orders, and judgments in this matter, including, but not limited to, the release in the Settlement Agreement if Final Judgment is entered.

Any Settlement Class Member, including a Settlement Class Member who files and serves a written objection, as described above, may appear at the Final Approval Hearing, either in person or through counsel hired at the Settlement Class Member's expense, to object to or comment on the fairness, reasonableness, or adequacy of the Settlement, the Service Award Request, or the Fee Request. If an objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, he or she must also file a notice of appearance with the Court (as well as serve on Class Counsel and Defendant's Counsel) by the Objection Deadline. If the objecting Settlement Class Member intends to appear at the Final Approval Hearing through counsel, he or she must also identify the attorney(s) representing the objecting Settlement Class Member who will appear at the Final Approval Hearing and include the attorney(s) name, address, phone number, e-mail address, state bar(s) to which counsel is admitted, as well as associated state bar numbers, and a list identifying all objections such counsel has filed to class action settlements from January 1, 2016 to the present, the results of each objection, any court opinions ruling on the objections, and any sanctions issued by a court in connection with objections filed by such

attorney. If the objecting Settlement Class Member intends to request permission to call witnesses at the Final Approval Hearing, the objecting Settlement Class Member must provide a list of any such witnesses together with a brief summary of each witness's expected testimony at least sixty (60) Days before the Final Approval Hearing.

If Final Judgment is entered, any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and shall be forever barred from making any such objections in this action or in any other proceeding or from challenging or opposing, or seeking to reverse, vacate, or modify any approval of the Settlement Agreement, the Service Award Request, or the Fee Request.

13.     **Claims Process and Distribution and Allocation Plan.**     Settlement Class Representative and Defendant have created a process for assessing and determining the validity and value of claims and a payment methodology to Settlement Class Members who submit a timely, valid Claim Form. The Court preliminarily approves the plan for remuneration described in Section V of the Settlement Agreement and directs that the Settlement Administrator effectuate the distribution of Settlement consideration according to the terms of the Settlement Agreement, should the Settlement be finally approved.

Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form. If Final Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Settlement Agreement, the Release included in that Agreement, and the Final Judgment.

9

14. **Termination of Settlement.** This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing as of May 21, 2019, if the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

15. **Use of Order.** This Order shall be of no force or effect if Final Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, liability, or the certifiability of any class. Nor shall this Order be construed or used as an admission, concession, or declaration by or against the Settlement Class Representative or any other Settlement Class Member that his or her claim lacks merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claim he, she, or it may have in this litigation or in any other lawsuit.

16. **Stay of Proceedings.** Except as necessary to effectuate this Order, all proceedings and deadlines in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Judgment, or until further order of this Court.

17. **Continuance of Hearing.** The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

10

18.   **Summary of Deadlines.**   The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing.  Deadlines arising under the Settlement Agreement and this Order include but are not limited to:

**Notice Deadline:**  30 Days after Preliminary Approval

**Motion for Final Approval:**  30 Days before Final Approval Hearing

**Motion for Service Awards, Attorneys' Fees and Costs:**  30 Days before Final Approval Hearing

**Opt-Out Deadline:**  90 Days after Preliminary Approval

**Objection Deadline:**  120 Days after Preliminary Approval

**Replies in Support of Final Approval, Service Awards and Fee Requests:**  14 Days before Final Approval Hearing

**Claim Deadline:**  360 Days after Notice Deadline

**Final Approval Hearing:**  180 Days after Preliminary Approval

IT IS SO ORDERED this 26 day of February , 2020.

_____

Sara L. Ellis
United States District Court Judge

11