# Exhibit 1

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| GEORGE NELSON, on behalf of himself and all others similarly situated, | ) ) |
| | ) Case No.: 1:18-cv-07400 |
| Plaintiff, | ) Honorable Sara L. Ellis |
| | ) |
| v. | ) |
| | ) |
| | ) |
| ROADRUNNER TRANSPORTATION | ) |
| SYSTEMS, INC., | ) |
| | ) |
| Defendant. | |

## DECLARATION OF CAMERON R. AZARI, ESQ. ON SETTLEMENT NOTICE PLAN

I, Cameron Azari, pursuant to section 1746 of title 28 of the United States Code, declare as follows:

1.      My name is Cameron R. Azari, Esq.  I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2.      I am a nationally recognized expert in the field of legal notice, and I have served as an expert in dozens of federal and state cases involving class action notice plans.

3.      I am the Director of Legal Notice for Hilsoft Notifications ("Hilsoft"), a firm that specializes in designing, developing, analyzing and implementing, large-scale legal notification plans.  Hilsoft is a business unit of Epiq Class Action & Claims Solutions, Inc. ("Epiq").

4.      This declaration will describe the implementation of the Settlement Notice Plan ("Notice Plan" or "Plan") for the Settlement in *Nelson v. Roadrunner Transportation Systems, Inc.*, Case No. 1:18-cv-0700, in the United States District Court for the Northern District of Illinois.  The facts in this declaration are based on my personal knowledge, as well as information provided to me by my colleagues in the ordinary course of my business at Hilsoft and Epiq.  I

DECLARATION OF CAMERON R. AZARI, ESQ. ON SETTLEMENT NOTICE PLAN

previously executed my *Declaration of Cameron R. Azari, Esq. on Settlement Notice Plan*, on February 3, 2020, in which I detailed Hilsoft's class action notice experience and attached Hilsoft's *curriculum vitae*. I also provided my educational and professional experience relating to class actions and my ability to render opinions on overall adequacy of notice programs.

## OVERVIEW

5.      On February 26, 2020, the Court approved the Notice Plan as designed by Hilsoft in the *Order Granting Motion to Notice Class* ("Preliminary Approval Order"). In the Preliminary Approval Order, the Court certified the following Settlement Class:

> All current and former Roadrunner employees whose HR Data was compromised as a result of the Data Exposure which occurred between April and May 2018.[1]

6.      After the Court's Preliminary Approval Order was entered, we began to implement the Notice Program. This declaration will detail the notice activities undertaken and explain how and why the Notice Plan was comprehensive and well-suited to the Settlement Class. This declaration will also discuss the administration activity to date. The facts in this declaration are based on what I personally know, as well as information provided to me in the ordinary course of my business by my colleagues from Hilsoft and Epiq, who worked with us to implement the notification effort.

## NOTICE PLAN SUMMARY

7.      Rule 23 of the Federal Rules of Civil Procedure directs that the best notice practicable under the circumstances must include "individual notice to all members who can be identified

---

[1] Capitalized terms not defined herein shall have the meaning given to them in the Settlement Agreement.

DECLARATION OF CAMERON R. AZARI, ESQ. ON SETTLEMENT NOTICE PLAN

through reasonable effort."[2]  The Notice Plan here satisfied this requirement.  The Notice Plan provided for mailed individual notice to all Settlement Class Members who were reasonably identifiable.

## CAFA NOTICE

8.      As described in the *Declaration of Stephanie J. Fiereck, Esq. on Implementation of CAFA Notice*, dated March 16, 2020, ("Fiereck Declaration"), Epiq sent a CAFA notice packet (or "CAFA Notice"), on behalf of Defendant Roadrunner—as required by the federal Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1715, to 57 federal and state officials on February 13, 2020.  The CAFA Notice was mailed by certified mail to 56 officials, including the Attorneys General of each of the 50 states, the District of Columbia and the United States Territories.  The CAFA Notice was also sent by United Parcel Service ("UPS") to the Attorney General of the United States.  A copy of the Fiereck Declaration is included as **Attachment 1**.  Following provisions of this CAFA notice, neither the United States nor any applicable state Attorneys General have raised concern regarding the Settlement.

### *Individual Notice*

9.      On February 18, 2020, Epiq received Settlement Class Member data (a list of names containing 52 records and a data file, which contained 9,326 records).  Subsequently, on February 24, 2020, Epiq received an additional data file, which contained 4,974 records.  The data files were combined and de-duplicated for the 14,352 records, which resulted in 14,189 unique Settlement Class Members records (virtually all Settlement Class Members) to receive a Postcard Notice.

10.      On March 27, 2020, 14,189 Postcard Notices were sent via United States Postal

---

[2] FRCP 23(c)(2)(B).

DECLARATION OF CAMERON R. AZARI, ESQ. ON SETTLEMENT NOTICE PLAN

Service ("USPS") first class mail. The Postcard Notice directed the recipients to the case website dedicated specifically to the Settlement to access additional information and easily file a claim. A copy of the Postcard Notice is included as **Attachment 2**.

11.     Prior to mailing, all mailing addresses were checked against the National Change of Address ("NCOA") database maintained by the USPS.[3] In addition, the addresses were certified via the Coding Accuracy Support System ("CASS") to ensure the quality of the zip code, and verified through Delivery Point Validation ("DPV") to verify the accuracy of the addresses. This address updating process is standard for the industry and for the majority of promotional mailings that occur today.

12.     Additionally, a Claim Package (Detailed Notice and Claim Form) were mailed via USPS first class mail to all persons who requested one via the toll-free telephone number. As of July 15, 2020, 181 Claim Packages have been mailed. A copy of the Detailed Notice and Claim Form are included as **Attachment 3**.

13.     The return address on the Postcard Notices is a post office box maintained by Epiq. The USPS automatically forwards Postcard Notices with an available forwarding address order that has not expired ("Postal Forwards"). For Postcard Notices returned as undeliverable, Epiq re-mails the Notice to any new address available through the USPS information (for example, to the address provided by the USPS on returned pieces for which the automatic forwarding order has expired, but which is still during the period in which the USPS returns the piece with the address indicated). Epiq also obtains better addresses by using a third-party lookup service.

---

[3] The NCOA database contains records of all permanent change of address submissions received by the USPS for the last four years. The USPS makes this data available to mailing firms and lists submitted to it are automatically updated with any reported move based on a comparison with the person's name and known address.

DECLARATION OF CAMERON R. AZARI, ESQ. ON SETTLEMENT NOTICE PLAN

Upon successfully locating better addresses, Postcard Notices were promptly re-mailed. As of July 15, 2020, the USPS has sent zero Postal Forwards. As of July 15, 2020, Epiq has received 19 undeliverable Postcard Notices and re-mailed 14 Postcard Notices for those addresses where a forwarding address was provided or address research identified a new address.

14.     As of July 15, 2020, Epiq has mailed Postcard Notices to 14,189 unique Settlement Class Member records, with Notice to seven unique Settlement Class Members currently known to be undeliverable. The individual notice reached 99% of the Settlement Class. While the Claims Deadline is still many months off—not passing until March 22, 2021—Claim Forms have already begun to come in and be processed.

### *Case Website, Toll-free Telephone Number, and Postal Mailing Address*

15.     On March 26, 2020, a dedicated website was be established for the Settlement with the easy-to-remember domain name (www.RoadrunnerBreachSettlement.com). Settlement Class Members are able to obtain detailed information about the case and review key documents, including the Settlement Notices, Settlement Agreement, and Complaint, as well as answers to frequently asked questions ("FAQs"). Importantly, Settlement Class Members have the opportunity to file a claim on the case website. The case website address was displayed prominently on all notice documents. As of July 15, 2020, there have been 1,033 unique visitors to the website and 6,463 website pages presented.

16.     On March 26, 2020, a toll-free telephone number (1-866-977-0850) was also established to allow Settlement Class Members to call for additional information, listen to answers to FAQs, and request that a Claim Package be mailed to them. The toll-free telephone number was prominently displayed in the Notice documents as well. As of July 15, 2020, the toll-free telephone number has handled 907 calls representing 4,497 minutes of use and service agents

DECLARATION OF CAMERON R. AZARI, ESQ. ON SETTLEMENT NOTICE PLAN

have handled 309 incoming calls representing 3,386 minutes of use. Service agents have also made 21 outbound calls representing 26 minutes of use.

17.     A post office box for correspondence about the Settlement was also established and maintained, to allow Settlement Class Members to contact the Settlement Administrator by mail with any specific requests or questions, including requests for exclusion.

### *Requests for Exclusion and Objections*

18.     The deadline to request exclusion from the Settlement or to object to the Settlement was May 26, 2020. As of July 15, 2020, Epiq has received one request for exclusion and no objections to the Settlement. A copy of the Exclusion Report is included as **Attachment 4**.

### CONCLUSION

19.     In class action notice planning, execution, and analysis, we are guided by due process considerations under the United States Constitution, by state and local rules and statutes, and by case law pertaining to the recognized notice standards under Rule 23. This framework directs that the notice plan be optimized to reach the class and, in a settlement class action notice situation such as this, that the notice or notice plan itself not limit knowledge of the availability of benefits—nor the ability to exercise other options—to class members in any way. All of these requirements were met in this case.

20.     The Notice Plan included individual notice to all Settlement Class Members who could be identified with reasonable effort. The Notice Plan effectively reached approximately 99% of the Settlement Class. The case website expanded the reach of the Notice Plan even further. In 2010, the Federal Judicial Center issued a Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide. This Guide states that, "the lynchpin in an objective determination of the adequacy of a proposed notice effort is whether all the notice efforts together

DECLARATION OF CAMERON R. AZARI, ESQ. ON SETTLEMENT NOTICE PLAN

will reach a high percentage of the class. It is reasonable to reach between 70–95%." Here, we have developed and implemented a Notice Plan that met the high end of that standard.

21.     Our notice effort followed the guidance for how to satisfy due process obligations that a notice expert gleans from the United States Supreme Court's seminal decisions which are: a) to endeavor to actually inform the class, and b) to demonstrate that notice is reasonably calculated to do so:

> A.     "But when notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it," *Mullane v. Central Hanover Trust*, 339 U.S. 306, 315 (1950).
>
> B.     "[N]otice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174 (1974) (citing *Mullane* at 314).

22.     The Notice Plan described above provided the best notice practicable under the circumstances of this case, conformed to all aspects of the Rule 23, and comported with the guidance for effective notice set out in the Manual for Complex Litigation, Fourth.

23.     The Notice Plan schedule afforded sufficient time to provide full and proper notice to Settlement Class Members before the opt-out and objection deadlines. The costs of class notice and claims administration to date are approximately $75,170. Depending on the volume of additional claims received by the claim filing deadline and other variable items like activity to the toll-free line, Epiq estimates that additional administration costs will range between $35,000 and $55,000.

DECLARATION OF CAMERON R. AZARI, ESQ. ON SETTLEMENT NOTICE PLAN

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 17, 2020, at Beaverton, Oregon.

Cameron R. Azari

# Attachment 1

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GEORGE NELSON, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: 1:18-cv-07400 Honorable Sara L. Ellis |
| v. | ) ) ) | |
| ROADRUNNER TRANSPORTATION SYSTEMS, INC., | ) ) ) | |
| Defendant. | | |

### DECLARATION OF STEPHANIE J. FIERECK, ESQ. ON IMPLEMENTATION OF CAFA NOTICE

I, STEPHANIE J. FIERECK, ESQ., hereby declare and state as follows:

1.      My name is Stephanie J. Fiereck, Esq.  I am over the age of 21 and I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2.      I am the Legal Notice Manager for Epiq Class Action & Claims Solutions, Inc. ("Epiq"), a firm that specializes in designing, developing, analyzing and implementing large-scale, un-biased, legal notification plans.

3.      Epiq is a firm with more than 20 years of experience in claims processing and settlement administration.  Epiq's class action case administration services include coordination of all notice requirements, design of direct-mail notices, establishment of fulfillment services, receipt and processing of opt-outs, coordination with the United States Postal Service, claims database management, claim adjudication, funds management and distribution services.

4.      The facts in this Declaration are based on what I personally know, as well as information provided to me in the ordinary course of my business by my colleagues at Epiq.

**DECLARATION OF STEPHANIE J. FIERECK, ESQ. ON IMPLEMENTATION OF CAFA NOTICE**

## CAFA NOTICE IMPLEMENTATION

5.      At the direction of counsel for the Defendant Roadrunner, 57 officials, which included the Attorney General of the United States and the Attorneys General of each of the 50 states, the District of Columbia and the United States Territories were identified to receive the CAFA notice.

6.      Epiq maintains a list of these state and federal officials with contact information for the purpose of providing CAFA notice.  Prior to mailing, the names and addresses selected from Epiq's list were verified, then run through the Coding Accuracy Support System ("CASS") maintained by the United States Postal Service ("USPS").[1]

7.      On February 13, 2020, Epiq sent 57 CAFA Notice Packages ("Notice").  The Notice was mailed by certified mail to 56 officials, including the Attorneys General of each of the 50 states, the District of Columbia and the United States Territories.  The Notice was also sent by United Parcel Service ("UPS") to the Attorney General of the United States.  The CAFA Notice Service List (USPS Certified Mail and UPS) is included hereto as **Attachment 1**.

8.      The materials sent to the Attorneys General included a cover letter, which provided notice of the proposed settlement of the above-captioned case.  The cover letter is included hereto as **Attachment 2**.

9.      The cover letter was accompanied by a CD, which included the following:

    a.      Class Action Complaint;

    b.      Motion to Notice Class;

    c.      Memorandum of Law in Support of the Motion to Notice Class;

---

[1] CASS improves the accuracy of carrier route, 5-digit ZIP®, ZIP + 4® and delivery point codes that appear on mail pieces.  The USPS makes this system available to mailing firms who want to improve the accuracy of postal codes, i.e., 5-digit ZIP®, ZIP + 4®, delivery point (DPCs), and carrier route codes that appear on mail pieces.

d.     [Proposed] Order Granting Motion to Notice Class;

e.     Class Action Settlement Agreement;

f.     Forms of Notice of Class Action Settlement;

g.     Class Action Settlement Claim Form;

h.     [Proposed] Final Order Granting Approval of Class Action Settlement; and

i.     Geographic Distribution of Class Members and Proportionate Share of Claims.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on March 16, 2020.

Stephanie J. Fiereck, Esq.

# **Attachment 1**

**CAFA Notice Service List**

**UPS**

| Company | FullName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| US Department of Justice | William Barr | 950 Pennsylvania Ave NW | | Washington | DC | 20530 |

**CAFA Notice Service List**

**USPS Certified Mail**

| Company | FullName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Office of the Attorney General | Kevin G Clarkson | PO Box 110300 | | Juneau | AK | 99811 |
| Office of the Attorney General | Steve Marshall | 501 Washington Ave | | Montgomery | AL | 36130 |
| Office of the Attorney General | Leslie Carol Rutledge | 323 Center St | Suite 200 | Little Rock | AR | 72201 |
| Office of the Attorney General | Mark Brnovich | 2005 N Central Ave | | Phoenix | AZ | 85004 |
| Office of the Attorney General | CAFA Coordinator | Consumer Law Section | 455 Golden Gate Ave Ste 11000 | San Francisco | CA | 94102 |
| Office of the Attorney General | Phil Weiser | Ralph L Carr Colorado Judicial Center | 1300 Broadway 10th Fl | Denver | CO | 80203 |
| Office of the Attorney General | William Tong | 55 Elm St | | Hartford | CT | 06106 |
| Office of the Attorney General | Karl A. Racine | 441 4th St NW | Suite 1100 South | Washington | DC | 20001 |
| Office of the Attorney General | Kathy Jennings | Carvel State Office Bldg | 820 N French St | Wilmington | DE | 19801 |
| Office of the Attorney General | Ashley Moody | State of Florida | The Capitol PL-01 | Tallahassee | FL | 32399 |
| Office of the Attorney General | Chris Carr | 40 Capitol Square SW | | Atlanta | GA | 30334 |
| Department of the Attorney General | Clare E. Connors | 425 Queen St | | Honolulu | HI | 96813 |
| Iowa Attorney General | Thomas J Miller | 1305 E Walnut St | | Des Moines | IA | 50319 |
| Office of the Attorney General | Lawrence G Wasden | 700 W Jefferson St Ste 210 | PO Box 83720 | Boise | ID | 83720 |
| Office of the Attorney General | Kwame Raoul | 100 W Randolph St | | Chicago | IL | 60601 |
| Indiana Attorney General's Office | Curtis T Hill Jr | Indiana Government Center South | 302 W Washington St 5th Fl | Indianapolis | IN | 46204 |
| Office of the Attorney General | Derek Schmidt | 120 SW 10th Ave 2nd Fl | | Topeka | KS | 66612 |
| Office of the Attorney General | Daniel Cameron | 700 Capitol Avenue | Suite 118 | Frankfort | KY | 40601 |
| Office of the Attorney General | Jeff Landry | PO Box 94005 | | Baton Rouge | LA | 70804 |
| Office of the Attorney General | Maura Healey | 1 Ashburton Pl | | Boston | MA | 02108 |
| Office of the Attorney General | Brian E. Frosh | 200 St Paul Pl | | Baltimore | MD | 21202 |
| Office of the Attorney General | Aaron Frey | 6 State House Station | | Augusta | ME | 04333 |
| Department of Attorney General | Dana Nessel | PO Box 30212 | | Lansing | MI | 48909 |
| Office of the Attorney General | Keith Ellison | 445 Minnesota St | Suite 1400 | St Paul | MN | 55101 |
| Missouri Attorney General's Office | Eric Schmitt | 207 West High Street | PO Box 899 | Jefferson City | MO | 65102 |
| MS Attorney General's Office | Jim Hood | Walter Sillers Bldg | 550 High St Ste 1200 | Jackson | MS | 39201 |
| Office of the Attorney General | Tim Fox | Department of Justice | PO Box 201401 | Helena | MT | 59620 |
| Attorney General's Office | Josh Stein | 9001 Mail Service Ctr | | Raleigh | NC | 27699 |
| Office of the Attorney General | Wayne Stenehjem | State Capitol | 600 E Boulevard Ave Dept 125 | Bismarck | ND | 58505 |
| Nebraska Attorney General | Doug Peterson | 2115 State Capitol | PO Box 98920 | Lincoln | NE | 68509 |
| Office of the Attorney General | Gordon MacDonald | NH Department of Justice | 33 Capitol St | Concord | NH | 03301 |
| Office of the Attorney General | Gurbir S Grewal | 25 Market Street | P.O. Box 080 | Trenton | NJ | 08625 |
| Office of the Attorney General | Hector Balderas | 408 Galisteo St | Villagra Bldg | Santa Fe | NM | 87501 |
| Office of the Attorney General | Aaron Ford | 100 N Carson St | | Carson City | NV | 89701 |
| Office of the Attorney General | Letitia James | The Capitol | | Albany | NY | 12224 |
| Office of the Attorney General | Dave Yost | 30 East Broad Street | 14th Floor | Columbus | OH | 43215 |
| Office of the Attorney General | Mike Hunter | 313 NE 21st St | | Oklahoma City | OK | 73105 |
| Office of the Attorney General | Ellen F Rosenblum | Oregon Department of Justice | 1162 Court St NE | Salem | OR | 97301 |
| Office of the Attorney General | Josh Shapiro | 16th Fl Strawberry Square | | Harrisburg | PA | 17120 |
| Office of the Attorney General | Peter F Neronha | 150 S Main St | | Providence | RI | 02903 |
| Office of the Attorney General | Alan Wilson | PO Box 11549 | | Columbia | SC | 29211 |
| Office of the Attorney General | Jason Ravnsborg | 1302 E Hwy 14 Ste 1 | | Pierre | SD | 57501 |
| Office of the Attorney General | Herbert H. Slatery III | PO Box 20207 | | Nashville | TN | 37202 |
| Office of the Attorney General | Ken Paxton | 300 W 15th St | | Austin | TX | 78701 |
| Office of the Attorney General | Sean D. Reyes | PO Box 142320 | | Salt Lake City | UT | 84114 |
| Office of the Attorney General | Mark R. Herring | 202 North Ninth Street | | Richmond | VA | 23219 |
| Office of the Attorney General | TJ Donovan | 109 State St | | Montpelier | VT | 05609 |
| Office of the Attorney General | Bob Ferguson | 800 Fifth Avenue | Suite 2000 | Seattle | WA | 98104 |
| Office of the Attorney General | Josh Kaul | PO Box 7857 | | Madison | WI | 53707 |
| Office of the Attorney General | Patrick Morrisey | State Capitol Complex | Bldg 1 Room E 26 | Charleston | WV | 25305 |
| Office of the Attorney General | Bridget Hill | 2320 Capitol Avenue | | Cheyenne | WY | 82002 |
| Department of Legal Affairs | Talauega Eleasalo V. Ale | Executive Office Building 3rd Floor | PO Box 7 | Utulei | AS | 96799 |
| Attorney General Office of Guam | Leevin T Camacho | Administration Division | 590 S Marine Corps Dr Ste 901 | Tamuning | GU | 96913 |
| Office of the Attorney General | Edward Manibusan | Administration Bldg | PO Box 10007 | Saipan | MP | 96950 |
| PR Department of Justice | Dennise N. Longo Quinones | Apartado 9020192 | | San Juan | PR | 00902 |
| Department of Justice | Denise N. George | 34-38 Kronprindsens Gade | GERS Bldg 2nd Fl | St Thomas | VI | 00802 |

# **Attachment 2**

**NOTICE ADMINISTRATOR**
HILSOFT NOTIFICATIONS
10300 SW Allen Blvd
Beaverton, OR 97005
P 503-350-5800
DL-CAFA@epiqglobal.com

February 13, 2020

**VIA UPS OR USPS CERTIFIED MAIL**

| Class Action Fairness Act – Notice to Federal and State Officials |
|---|

Dear Sir or Madam:

Pursuant to the "Class Action Fairness Act," ("CAFA"), 28 U.S.C. §1715, please find enclosed information from Roadrunner Transportation Systems, Inc. ("Roadrunner") relating to the proposed settlement of a class action lawsuit.

- **Case:** *George Nelson v. Roadrunner Transportation Systems, Inc.,* Case No. 1:18-cv-07400

- **Court:** United States District Court for the Northern District of Illinois

- **Defendant:** Roadrunner

- **Judicial Hearing:** A Final Approval Hearing is currently scheduled for May 14, 2020, at 1:30 p.m. The parties have jointly moved to extend this date. At the time of the hearing, these matters may be continued without further notice.

- **Documents Enclosed:** Copies of the following documents are contained on the enclosed CD:

  1. Class Action Complaint;

  2. Motion to Notice Class;

  3. Memorandum of Law in Support of the Motion to Notice Class;

  4. [Proposed] Order Granting Motion to Notice Class;

  5. Class Action Settlement Agreement;

  6. Forms of Notice of Class Action Settlement;

  7. Class Action Settlement Claim Form;

  8. [Proposed] Final Order Granting Approval of Class Action Settlement; and

  9. Geographic Distribution of Class Members and Proportionate Share of Claims.

Regards,

Notice Administrator

Enclosures

# Attachment 2

Roadrunner Settlement Administrator
PO Box 4068
Portland, OR 97208-4068

**Unique ID:**

## NOTICE OF CLASS ACTION SETTLEMENT

*Nelson v. Roadrunner Transportation Systems, Inc.,*
Case No. 1:18-cv-07400 (N.D. IL)

*A Federal Court authorized this notice.*
*You are not being sued.*
*This is not a solicitation from a lawyer.*

For more information or a Claim Form,
please call 1-866-977-0850 or visit
www.RoadrunnerBreachSettlement.com



According to Roadrunner Transportation Systems, Inc. ("Roadrunner") records, you may be a potential class member in a Settlement of a class action lawsuit involving unauthorized access to certain personally identifiable information of current and former Roadrunner employees, which occurred between April 2018 and May 2018 ("Lawsuit"). The information exposed included names, addresses, social security numbers, phone numbers, dates of birth, payroll information, dependent information, and health plan information ("HR Data"). You may have been affected by the unauthorized access and may be entitled to recovery under the Settlement reached in the case. This Notice informs you of the Settlement, your rights, and available Settlement benefits.

**What is this Lawsuit about?** The Lawsuit alleges that Roadrunner violated certain duties with respect to the personal data of current and former employees and, as a result, in April 2018 and May 2018 an unauthorized third party may have gained access to HR Data ("Data Exposure"). Roadrunner denies any wrongdoing and denies all claims asserted against it in the Lawsuit. Both sides have agreed to settle the Lawsuit to avoid the cost, delay, and uncertainty of litigation.

**What can I get from the Settlement?** Class Members who submit a valid and timely Claim Form can get: (a) monetary relief for identity theft and reimbursement of certain expenses resulting from the Data Exposure, depending on the category; and (b) 24 months enrollment in Experian IdentityWorks identity theft protection service. More information on how to submit a valid Claim Form and what the total amount of your claim may be can be found at www.RoadrunnerBreachSettlement.com.

**What do I give up?** If you remain part of the Settlement Class and do not exclude yourself from the Settlement, you give up the right to sue Roadrunner or its related entities regarding the Data Exposure, **whether or not you submit a claim**. The full scope of the release of claim is important and is included in the full Notice at www.RoadrunnerBreachSettlement.com.

**What if I don't like the Settlement?** If you do not want to be legally bound by the Settlement, you must exclude yourself by **May 26, 2020** or you will not be able to sue Roadrunner or its related entities for any claims relating to this case. If you exclude yourself, you cannot get money from this Settlement, but you will not give up any claims you may have. If you stay in the Class, you may object to the Settlement by **June 25, 2020**. Details on excluding yourself and objecting are available at www.RoadrunnerBreachSettlement.com.

**Do I have a lawyer in this case?** To represent the Settlement Class, the Court has appointed John A. Yanchunis of Morgan & Morgan Complex Litigation Group, and Shannon M. McNulty of Clifford Law Offices P.C. as "Class Counsel." For litigating the case and negotiating the Settlement, Class Counsel will request from the Court an award of attorneys' fees, costs and expenses not to exceed $388,000.00. None of the sums awarded for fees, costs and expenses will reduce the sums available to be paid to Settlement Class Members. You may hire your own attorney, at your own expense, but do not have to.

**When will the Court approve the Settlement?** The hearing is scheduled for August 18, 2020 at 9:30 a.m. before Judge Sara L. Ellis at the Dirksen Federal Building, Courtroom 1403, 219 South Dearborn Street, Chicago, Illinois 60604.

Z9922 v.03

**For more information go to www.RoadrunnerBreachSettlement.com or call 1-866-977-0850.**

# Attachment 3

Roadrunner Settlement Administrator
P.O. Box 4068
Portland, OR 97208-4068



000 0000001 00000000 0001 0014 00002 INS:

# This Page Intentionally Left Blank



**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

-----------------------------------------------------------------

**GEORGE NELSON,**
*on behalf of himself and all others similarly situated,*
                              Plaintiff,

v.

**ROADRUNNER TRANSPORTATION SYSTEMS, INC.**
                   Defendant,

-----------------------------------------------------------------

## NOTICE REGARDING RIGHT TO BENEFIT FROM CLASS ACTION SETTLEMENT

A Settlement Agreement has been reached in a class action lawsuit involving the unauthorized access to certain personally identifiable information of present and former **Roadrunner Transportation Systems, Inc.** ("Roadrunner") current and former employees, which occurred between April 2018 and May 2018 ("Data Exposure"). The information exposed included names, addresses, social security numbers, phone numbers, dates of birth, payroll information, dependent information, and health plan information ("HR Data"). If you have been affected by the unauthorized access you may be entitled to benefits under the Settlement Agreement reached in the case.

As part of this Settlement, Roadrunner has agreed to pay certain types of claims for all Class Members, provide enrollment in an identity theft protection service, and undertake certain preventative cyber security measures.

**YOUR LEGAL RIGHTS ARE AFFECTED WHETHER YOU ACT OR DON'T ACT, SO READ THIS NOTICE CAREFULLY.**

| YOUR OPTIONS | |
|---|---|
| **Submit a Claim Form**<br>**Deadline: March 22, 2021** | **Complete and submit a Claim Form and receive compensation.**<br>By completing and submitting a timely and valid Claim Form you may recover money or additional credit monitoring and identity theft protection. |
| **Ask to be Excluded**<br>**Deadline: May 26, 2020** | **Get out of this lawsuit and get no benefits from it.**<br>Instead of submitting a Claim Form, you may ask to be excluded from the lawsuit. By excluding yourself, you cannot recover as part of this settlement and you keep a right to sue on your own. |
| **Object**<br>**Deadline: June 25, 2020** | **Object to the terms of the Settlement.**<br>You may object to the terms of the Settlement and have your objections heard at the August 18, 2020, Final Approval Hearing. |
| **DO NOTHING** | You will not receive any compensation and you will give up your rights to sue Roadrunner about the issues raised in this case. |

**Questions? Call 1-866-977-0850 or visit www.RoadrunnerBreachSettlement.com**

1



## 1. What is this Lawsuit about?

In the Lawsuit, Plaintiff brought claims against Roadrunner for: (1) negligence, (2) invasion of privacy, (3) breach of implied contract, (4) breach of fiduciary duty, (5) violation of Illinois Personal Information Protection Act ("PIPA"), and (6) violation of Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA").

Roadrunner denies any wrongdoing and denies all claims asserted against it in the Lawsuit.

Both sides have agreed to settle the Lawsuit to avoid the cost, delay, and uncertainty of litigation.

You can read Plaintiff's Complaint, the Settlement Agreement, other case documents, and download a Claim Form at www.RoadrunnerBreachSettlement.com.

## 2. Why is this a class action?

In a class action, the Class Representative (in this case, Plaintiff George Nelson), sued on behalf of a group (or a "Class") of people ("Class Members"). Here, the Class Representative sued on behalf of people who have similar claims regarding the Data Exposure.

## 3. Why is there a settlement?

To avoid the cost, risk, and delay of litigation, the Parties reached a Settlement Agreement as to the claims of Plaintiff and the Class.

## 4. How do I know if I am a part of the settlement?

For settlement purposes, the Court has certified a Class consisting of all people who meet the following definition:

> All current and former Roadrunner employees whose HR Data was compromised as a result of the Data Exposure which occurred between April 2018 and May 2018.

## 5. What Relief is Available to Settlement Class Members and how do I receive benefits?

To obtain a recovery, you must submit a Claim Form. This is the only way to get a payment. Settlement Class Members who submit a valid and timely Claim Form may be entitled to the benefits enumerated below. Settlement Class Members may choose all applicable claim categories. However, Settlement Class Members may seek reimbursement for each hour of lost time only once, regardless of whether the time was spent dealing with issues in multiple claim categories simultaneously. The overall cap for any individual claimant is $250 for all amounts claimed in Claim A and $5,000 for all amounts claimed in Claim B under paragraph 2) below. For purposes of any claim for reimbursement for lost time, the claimant must have spent at least one hour before being entitled to claim one or more hours of time.

1) Settlement Class Members may sign up for 24 months of Experian's IdentityWorks identity theft protection service. This enrollment will be for an additional 24 months beyond the AllClear or Kroll identity theft protection services provided to affected employees following the Data Exposure. Settlement Class Members will be given one year from the date the activation codes are mailed in which to activate the additional credit monitoring.

2) Settlement Class Members may receive monetary relief by filing a Claim Form and choosing all applicable categories as follows:

**Questions? Call 1-866-977-0850 or visit www.RoadrunnerBreachSettlement.com**

2

AA0222 v.01

**Claim A**:     **Compensation for Ordinary Losses.** Settlement Class Members will be eligible for compensation for ordinary losses, as defined below, up to a total of $250 per person, upon submission of a claim and supporting documentation. Ordinary losses include: (i) costs associated with credit monitoring or identity theft insurance purchased directly by the claimant, provided that the claimant attests the product was purchased primarily as a result of the Data Exposure; (ii) costs associated with requesting a credit report or credit freeze, provided that the claimant requested the report or credit freeze as a result of the Data Exposure; (iii) lost time of at least one hour and up to three hours at the rate of $20 per hour, provided that the claimant provides documentation or a narrative explanation plausibly establishing that the time was spent dealing with issues relating to the Data Exposure; and (iv) postage, long-distance charges, and other incidental expenses, provided that the claimant provides documentation of the charges and a narrative explanation plausibly establishing their relationship to the Data Exposure.

**Claim B**:     **Compensation for Extraordinary Losses**. Settlement Class Members will be eligible for compensation for extraordinary losses, including losses associated with identity theft, tax fraud, other forms of fraud, and other actual misuse of personal information, provided that the claim is supported by reasonable documentation of the amount of the losses and provided that the losses are otherwise unreimbursed and plausibly the result of the Data Exposure. Claimants who submit qualifying claims under this category may also seek reimbursement for up to 10 hours of lost time at the rate of $25 per hour, for time spent dealing with issues relating to the identity theft, fraud, or other misuse. The maximum amount any one claimant can recovery under Claim B is $5,000. Before being eligible for payment for extraordinary losses, claimants who previously signed up for AllClear's identity theft protection services or Kroll's identity theft protection services offered by Roadrunner must submit their claim to AllClear or Kroll and have that claim denied or exhausted.

You can download the Claim Form at www.RoadrunnerBreachSettlement.com, and mail it to:

**Roadrunner Settlement Administrator**
**PO Box 4068**
**Portland, OR 97208-4068**

**All Claim Forms must be postmarked no later than March 22, 2021.**

In addition to the monetary benefits described above, Roadrunner has agreed to undertake and maintain the following cyber security measures through at least December 31, 2022:

Incident Response Plan: prior to the entry of final approval of the Settlement Agreement, develop and implement an Incident Response Plan to immediately respond to future data security issues.

Additional Personnel: (i) employ a Chief Information Officer who reports directly either to the Chief Executive Officer or the Chief Operating Officer, and (ii) create an Immediate Response IT Team and add immediate response personnel to existing teams, including the End User Support and Server Engineering Teams, to increase IT responsiveness and to support other data security initiatives.

**Questions? Call 1-866-977-0850 or visit www.RoadrunnerBreachSettlement.com**

3

<u>Cybersecurity Training and Awareness Program</u>: implement annual on-line cybersecurity training for all employees, covering different aspects of cybersecurity and to further educate employees on cybersecurity.

<u>Data Security Policies</u>: create and implement new policies, protocols, and controls related to the ownership, review, and distribution of personally identifiable information and other private data; the security of any files containing the personally identifiable information of employees; and, the electronic transfer of such files.

<u>Enhanced Security Measures For Email Accounts, Servers, And Employee Computers</u>: (i) deploy Cofense PhishMe or a similar product to advance employee awareness through training, education, and testing, and to create a culture of cyber safety, and (ii) deploy Cofense Triage or a similar product to quickly and efficiently identify and shut down phishing attacks in progress.

<u>Restricted Access to Tax, Payroll, and Health Plan Information</u>: (i) before December 31, 2019, implement policies reducing the number of administrators with access to tax, payroll, and health plan information, and (ii) block foreign access to Office 365 from 140 countries, including China, Russia, and Nigeria.

<u>Testing of Policies and Information Security Environment</u>: implement monthly random testing to validate adherence of employees to Roadrunner's data security policies, including quarterly sweeps and analysis of email access to monitor for threats.

<u>Access Audits</u>: conduct audits to monitor attempts by employees to access tax, payroll, and health plan information to ensure adherence to restricted access policies. Through December 31, 2019, Roadrunner will conduct quarterly audits. From January 1, 2020 through December 31, 2022, Roadrunner will conduct biannual audits.

## 6. What am I giving up to receive these benefits?

By staying in the Settlement Class, all of the Court's orders will apply to you, and you give Roadrunner a "release." A release means you cannot sue or be part of any other lawsuit against Roadrunner or its related persons about the claims or issues in this Lawsuit and you will be bound by the Settlement. For your convenience, the Release, which necessarily is drafted in legal-sounding language, is attached as Exhibit 1 to this Notice. The Release contains references to several capitalized terms that are defined in more detail in the Settlement Agreement, including for example "Released Claims." For more information, please see the recitals section, part I, of the Settlement Agreement.

## 7. How much will the Class Representative receive?

The Class Representative will receive his portion of the Settlement as a Settlement Class Member and a payment of up to $2,500.00 as a service award for having pursued this action. Any service award is subject to Court approval.

## 8. Do I have a lawyer in this case?

To represent the Settlement Class, the Court has appointed John A. Yanchunis and Jonathan B. Cohen, Morgan & Morgan Complex Litigation Group, 201 N. Franklin Street, 7th Floor, Tampa, Florida 33602, and Shannon M. McNulty, Clifford Law Offices, P.C., 120 North Lasalle Street, 31st Floor, Chicago, IL 60602 "Class Counsel."

**Questions? Call 1-866-977-0850 or visit www.RoadrunnerBreachSettlement.com**

4

AA0224 v.01

For litigating the case and negotiating the Settlement, Class Counsel will request from the Court an award of attorneys' fees, costs and expenses not to exceed $388,000.00. None of the sums awarded for fees, costs and expenses will reduce the sums available to be paid to Settlement Class Members. Any awards of attorneys' fees, costs, or expenses are subject to Court approval. You may hire your own attorney, but only at your own expense.

### 9.  I don't want to be part of this case.  How do I ask to be excluded?

If you don't want a payment from this Settlement, but you want to keep the right to individually sue Roadrunner about the issues in this case, then you must take steps to get out of the Settlement. This is called excluding yourself, or "opting out," of the Settlement Class. To exclude yourself, you must send a letter by mail that (i) states the Settlement Class Member's full name, address and telephone number, (ii) contains the Settlement Class Member's signature or the signature of the person authorized by law to sign on behalf of the Settlement Class Member, and (iii) states unequivocally that the Settlement Class Member's intent is to be excluded from the Settlement Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all rights to the benefits of the Settlement.

You must mail your exclusion request postmarked no later than **May 26, 2020**, to Roadrunner Settlement Administrator, PO Box 4068, Portland, OR 97208-4068.

### 10. How do I object?

Any Settlement Class Member who has not requested to be excluded from the Settlement Class may object to the Settlement. In order to exercise this right, you must submit your objection to the Court and to the Roadrunner Settlement Administrator. Your objection must (i) set forth your full name, current address, telephone number, and e-mail address (if any); (ii) contain your original signature; (iii) set forth information identifying you as a member of the Settlement Class, including proof that you are a Member of the Settlement Class; (iv) set forth a statement of all grounds for your objection, including any legal support you believe applicable; (v) identify all counsel representing you; (vi) state whether you and/or your counsel will appear at the Final Approval Hearing; (vii) contain the signature of your duly authorized attorney or other duly authorized representative, along with documentation setting forth such representation; (viii) include a list, including case name, court, and docket number, of all other cases in which you and/or your counsel have filed an objection to any proposed class action settlement in the past three (3) years; and (ix) provide copies of any documents that you wish to submit in support of your position.

Objections must be filed with the Clerk of the Court and mailed or hand delivered concurrently to Class Counsel and Roadrunner Counsel on or before **June 25, 2020**.

| The Court's address: | Class Counsel's address: | Roadrunner Counsel's address: |
|---|---|---|
| Clerk of the Court<br>U.S. District Court<br>Northern District of Illinois<br>Dirksen Federal Building<br>219 South Dearborn Street<br>Chicago, IL 60604 | Morgan & Morgan Complex<br>Litigation Group<br>c/o John A. Yanchunis<br>201 N Franklin Street, 7th Floor<br>Tampa, FL 33602 | Baker & Hostetler, LLP<br>1801 California Street<br>Suite 4400<br>Denver, CO 80202 |

**Questions?  Call 1-866-977-0850 or visit www.RoadrunnerBreachSettlement.com**

5

AA0225 v.01



## FINAL APPROVAL AND FAIRNESS HEARING

The Court will hold a final approval and fairness hearing on **August 18, 2020, at 9:30 a.m.** before Judge Sara L. Ellis at the Dirksen Federal Building, Courtroom 1403, 219 South Dearborn Street, Chicago, Illinois 60604. The purpose of the hearing will be for the Court to determine whether the proposed Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class and to rule on applications for compensation for Class Counsel and a Service Award for the Class Representative. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement.

YOU ARE **NOT** REQUIRED TO ATTEND THIS HEARING TO BENEFIT FROM THIS SETTLEMENT. The hearing may be postponed to a later date without notice.

## FOR MORE INFORMATION

Additional information and documents, including case documents, are available at www.RoadrunnerBreachSettlement.com, or you can contact Class Counsel with questions at:

| John A. Yanchunis | Shannon M. McNulty |
|---|---|
| Morgan & Morgan Complex Litigation Group | Clifford Law Offices |
| 201 N Franklin Street, 7th Floor | 120 North Lasalle Street, 31st Floor |
| Tampa, FL 33602 | Chicago, IL 60602 |
| (855) 400-3445 | (312) 625-6192 |

PLEASE DO <u>NOT</u> CALL THE COURT, THE JUDGE, OR THE DEFENDANT WITH
QUESTIONS ABOUT THE SETTLEMENT OR CLAIMS PROCESS.

AA0226 v.01

# EXHIBIT 1

## THE SETTLEMENT RELEASE

1.     On the Effective Date, the Parties and each and every Settlement Class Member shall be bound by this Settlement Agreement and shall have recourse only to the benefits, rights, and remedies provided hereunder. No other action, demand, suit, arbitration, or other claim may be pursued against Roadrunner or the Related Entities with respect to the Released Claims.

2.     Upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Plaintiff, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, pursuing, or participating in any recovery in any action in this or any other forum (other than participation in the Settlement as provided herein) in which any of the Released Claims is asserted.

3.     On the Effective Date and in consideration of the promises and covenants set forth in this Settlement Agreement, (i) Plaintiff and each Settlement Class Member, and each of their respective spouses and children with claims on behalf of the Settlement Class Member, executors, representatives, guardians, wards, heirs, estates, successors, predecessors, next friends, co-borrowers, co-obligors, co-debtors, legal representatives, attorneys, agents, and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including the government in the capacity as parens patriae or on behalf of creditors or estates of the releasors), and each of them (collectively and individually, the "Releasing Persons"), and (ii) Class Counsel and each of their past and present law firms, partners, or other employers, employees, agents, representatives, successors, or assigns will be deemed to have, and by operation of the Judgment shall have, fully, finally, completely, and forever released and discharged the Released Persons from the Released Claims. The release set forth in the preceding sentence (the "Release") shall be included as part of any judgment, so that all Released Claims shall be barred by principles of res judicata, collateral estoppel, and claim and issue preclusion.

4.     Without in any way limiting the scope of the Release, the Release covers, without limitation, any and all claims for attorneys' fees, costs, and expenses incurred by Class Counsel or any other counsel representing Plaintiff or Settlement Class Members, or any of them, in connection with or related in any manner to the Action, the Settlement, the administration of such Settlement and/or the Released Claims as well as any and all claims for the Service Award to Plaintiff.

5.     With respect to all Released Claims, Plaintiff and each of the other Settlement Class Members agree that, upon the Effective Date, Plaintiff expressly shall have, and each Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, waived and relinquished to the fullest extent permitted by law (a) the provisions, rights, and benefits conferred by Section 1542 of the California Civil Code, which provides: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR" and (b) the provisions, rights, and benefits conferred by any law of any state or territory of the United States, federal law or principle of common law, or of international or foreign law, that is similar, comparable, or equivalent to Section 1542 of the California Civil Code, including, without limitation, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11. The Parties acknowledge, and Settlement Class Members shall be deemed by

**Questions? Call 1-866-977-0850 or visit www.RoadrunnerBreachSettlement.com**

7

AA0227 v.01



operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which the Release is a part.

6.      Subject to Court approval, as of the Effective Date, all Settlement Class Members shall be bound by this Settlement Agreement and the Release, and all of their claims shall be dismissed with prejudice and released, irrespective of whether they received actual notice of the Action or this Settlement.

7.      As of the Effective Date, the Released Persons are deemed, by operation of the entry of the Final Order and Judgment, to have fully released and forever discharged Plaintiff, the Settlement Class Members, Class Counsel or any other counsel representing Plaintiff or Settlement Class Members, or any of them, of and from any claims arising out of the Action or the Settlement. Any other claims or defenses Roadrunner or other Released Persons may have against Plaintiff, the Settlement Class Members, Class Counsel or any other counsel representing Plaintiff or Settlement Class Members, including, without limitation, any claims based upon or arising out of any employment, debtor-creditor, contractual, or other business relationship that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims are not released, are specifically preserved and shall not be affected by the preceding sentence.

8.      As of the Effective Date, the Released Persons are deemed, by operation of entry of the Final Order and Judgment, to have fully released and forever discharged each other of and from any claims they may have against each other arising from the claims asserted in the Action, including any claims arising out of the investigation, defense, or Settlement of the Action.

9.      Nothing in the Release shall preclude any action to enforce the terms of this Settlement Agreement, including participation in any of the processes detailed herein.

**Questions?  Call 1-866-977-0850 or visit www.RoadrunnerBreachSettlement.com**

8

AA0228 v.01



*Nelson v. Roadrunner Transportation Systems, Inc.,*
Case No. 1:18-cv-07400 (N.D. IL)

# <u>CLAIM FORM</u>

ATTENTION: This Claim Form is to be used to apply for benefits from the settlement of a lawsuit with Roadrunner Transportation Systems, Inc. ("Roadrunner"). The lawsuit alleges that an unauthorized third party may have gained access to the personally identifiable information of Roadrunner's current and former employees through phishing attacks that took place between April 2018 and May 2018 ("Data Exposure"). To recover as part of this Settlement, you *must* provide the information requested in this Claim Form for each applicable claim. PLEASE BE ADVISED that any documentation you provide must be submitted with this Claim Form.

**You may submit claims in each applicable category below:**

(A) Compensation for ordinary losses, including (1) costs associated with credit monitoring or identity theft insurance purchased directly by you as a result of the Data Exposure; (2) costs associated with requesting a credit report or credit freeze as a result of the Data Exposure; and (3) postage, long-distance charges, and other incidental expenses as a result of the Data Exposure; and

(B) Compensation for extraordinary losses, including losses associated with identity theft, tax fraud, other forms of fraud, and other actual misuse of personal information as a result of the Data Exposure.

For further information on each, please see the Notice.

If you wish to submit a claim for a settlement payment electronically, you may go online to the Settlement Website, www.RoadrunnerBreachSettlement.com, and follow the instructions on the "Submit a Claim" page.

If you wish to submit a claim for a settlement payment via standard mail, you need to provide the information requested below and mail this Claim Form to Roadrunner Data Breach Settlement Administrator, P.O. Box 4068, Portland, OR 97208-4068, postmarked by **March 22, 2021**. If you have questions, please contact the Settlement Administrator at 866-977-0850. Please print clearly in blue or black ink.

1. **<u>General Information</u>**

First Name:

MI: Last Name:

Address 1:

Address 2:

City: State: ZIP Code:

Email:

Unique ID Number: Phone Number:



000 00000006 00000000 0006 0014 00002 INS:



2. **Claim Information**

**Claim A: Ordinary Losses**

To obtain reimbursement under this category, you must attest to one, or more if applicable, of the following:

☐    I purchased credit monitoring or identity theft insurance as a result of the Data Exposure; **AND** I affirm that I have documentation of my associated expenses and have submitted such documentation with this Claim Form.

**AND/OR**

☐    I requested a credit report or credit freeze as a result of the Data Exposure; **AND** I affirm that I have documentation of my associated expenses and have submitted such documentation with this Claim Form.

**AND/OR**

☐    I incurred expenses for postage, long-distance charges, or other incidental expenses as a result of the Data Exposure; **AND** I affirm that I have documentation of those expenses and have submitted such documentation with this Claim Form.

If you attested to any of the above, please provide a description of each expense claimed, the date of loss, the dollar amount of the loss, and the type of supporting documentation you will be submitting to support the loss. **You must provide ALL of this information for this claim to be processed.**

| Description of the Expense | Date | Amount | Supporting Documentation |
|---|---|---|---|
| Examples: Ordered credit freeze after fraud alert on account | 6/13/18 | $30.00 | Copy of invoice/billing statement |
| Mailed police reports to credit card companies | 7/01/18 | $5.00 | Copy of receipt from U.S. Post Office |
| | ☐☐ – ☐☐ – ☐☐☐☐ | $ ☐☐☐ • ☐☐ | |
| | ☐☐ – ☐☐ – ☐☐☐☐ | $ ☐☐☐ • ☐☐ | |
| | ☐☐ – ☐☐ – ☐☐☐☐ | $ ☐☐☐ • ☐☐ | |
| | ☐☐ – ☐☐ – ☐☐☐☐ | $ ☐☐☐ • ☐☐ | |
| | ☐☐ – ☐☐ – ☐☐☐☐ | $ ☐☐☐ • ☐☐ | |
| **TOTAL** | | | |

**List any additional expenses on a separate sheet and submit with this Claim Form.**

**Failure to affirm or provide appropriate documentation will result in a delay in processing and may result in the denial of your claim.**

You may also claim additional compensation for time spent dealing with the effects and consequences of the Data Exposure if you spent at least one full hour of time:

How many hours in total did you spend dealing with the effects and consequences of the Data Exposure?

Total number of hours claimed in Claim A: ☐☐☐

Please provide a detailed explanation of the activities related to the Data Exposure for which the time was spent and the amount of time spent for each of those activities.

_____

_____

_____

_____

_____

_____

_____

**If you require more space, please provide further information on a separate sheet and submit that sheet with this Claim Form.**

**Category B: Extraordinary Losses**

To obtain reimbursement under this category, you must attest to the following:

☐ I experienced an incident of identity theft, tax fraud, other form of fraud, and/or other actual misuse of my personal information as a result of the Data Exposure; **AND** I affirm that I have documentation of the incident and my associated expenses and have submitted such documentation with this Claim Form; **AND** I affirm that none of the claimed expenses have already been reimbursed by AllClear, Kroll, or any other source.

Please provide documentation supporting **both** your claim and your associated expenses.

An example of documentation supporting your claim would include a letter from the IRS, your accountant, or another source informing you that a fraudulent tax return had been filed.

An example of documentation supporting your associated expenses would include receipts, voided checks, bank statements, or other documents showing the amount of your losses and/or a detailed narrative description of what happened and what losses you incurred.

**Failure to affirm or provide appropriate documentation will result in a delay in processing and may result in the denial of your claim.**

You may also claim additional compensation for time spent dealing with the effects and consequences of the Data Exposure if you spent at least one full hour of time and provided that you did not seek compensation for that same time as part of your claim in Claim A, above:

How many hours in total did you spend dealing with the effects and consequences of the Data Exposure, not including time already claimed under Claim A, above?

Total number of hours claimed in Claim B: [  ][  ][  ]

**If you previously enrolled in AllClear's identify theft protection services or Kroll's identity theft protection services offered by Roadrunner following the Data Exposure, you must first submit a claim to AllClear or Kroll and have that claim denied or exhausted. If the AllClear/Kroll claim is only partially paid, you may submit a claim for the amounts that were not paid by AllClear/Kroll. This requirement only applies to claims for losses that would have been covered by the identity theft protection services, such as actual fraud losses.**

To obtain reimbursement under this category, **you must also affirm** one of the following statements regarding your enrollment in AllClear's identity theft protection services or Kroll's identity theft protection services:

☐ I previously enrolled in AllClear's identity theft protection services or Kroll's identity theft protection services offered by Roadrunner following the Data Exposure; **AND** I affirm that I submitted a claim for identity theft, tax fraud, other form of fraud, and/or other actual misuse of my personal information resulting from the Data Exposure to AllClear or Kroll, which either denied or only partially paid my claim.

**OR**

☐ I did not enroll in AllClear's identity theft protection services or Kroll's identity theft protection services offered by Roadrunner following the Data Exposure.





**Experian Identity Theft Protection**

You may enroll in Experian's IdentityWorks identity theft protection service at no cost to you for a period of 24 months. This enrollment will be for an additional 24 months beyond the AllClear or Kroll identity theft protection services provided to affected employees following the Data Exposure. You will be given one year from the date the activation codes are mailed in which to activate the additional credit monitoring.

☐  I elect to enroll in Experian's IdentityWorks identity theft protection service for 24 months.

3.  **Certification**

I understand that my Claim and the information provided above will be subject to verification.

By submitting this Claim Form, I declare under penalty of perjury under the law of the United States of America that the information provided in this Claim Form is true and correct and that this form was executed on the date set forth below. I further certify that any documentation that I have submitted in support of my Claim consists of unaltered documents in my possession.

Please include your name in both the Claimant Signature and Printed Name fields below.

Signature

Date: ☐☐ – ☐☐ – ☐☐☐☐
        MM      DD       YYYY

Print Name

**THIS CLAIM FORM MUST BE SUBMITTED OR POSTMARKED BY MARCH 22, 2021, IN ORDER TO BE TIMELY AND VALID.**

Attachment 4

**Nelson v Roadrunner Transportation**

Requests for Exclusion

| Opt-Out ID | Claimant Name |
|---|---|
| 1 | Troy Helminak |