# Exhibit 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE NELSON, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) Civil Action No.: 1:18-cv-07400 ) Honorable Sara L. Ellis ) |
| v. | ) ) ) |
| ROADRUNNER TRANSPORTATION SYSTEMS, INC., | ) ) ) ) |
| Defendant. | |

**DECLARATION OF JOHN A. YANCHUNIS IN SUPPORT OF REPRESENTATIVE PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S UNCONTESTED MOTION FOR FINAL ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

I, John A. Yanchunis, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I have been licensed to practice law in the state of Florida since 1981.

2. A description of my firm, its professional staff dedicated to consumer class litigation and my experience in the area of class action litigation and consumer privacy was described in detail in a declaration previously submitted to the Court and will not be repeated here.

3. I was the principal lawyer in charge of all aspects of the litigation and I worked collaboratively with my co-counsel in the case to ensure that Plaintiff and the class which he sought to represent was zealously represented, while also ensuring efficiency and reducing duplicative effort.

1

4.	The monetary relief provided by the settlement was developed and negotiated on the basis of the experience of Class Counsel in other cases of the type at issue here, as well as their interactions and interviews of present and former employees whose information is taken in compromises similar to the one at the heart of the litigation here. It Class Counsel's seasoned judgment that the relief fairly addresses what Settlement Class Members may experience or have experienced as a result of the compromise. The settlement affords concrete, measurable relief to class members on a nationwide basis, and does so without need for individual trials on damages or the inherent delay, cost, and uncertainty of individual trials.

5.	In comparison, the Settlement affords concrete, measurable relief to class members on a nationwide basis, and does so without need for individual trials on damages or the inherent delay, cost, and uncertainty of individual trials. This case was filed on November 7, 2018 and the parties began mediating on March 11, 2019. Mediation concluded and a settlement in principle was reached by November 14, 2019. Through early mediation and class-wide resolution, the parties have foregone the hefty expenses typically associated with technical experts and applied towards the Settlement those funds that would have otherwise been paid to experts over months and/or years of litigation. Despite the fact that the litigation, mediation, and resolution of this case have moved swiftly, significant time has passed since the initial filing of this case. Even after an initial (b)(3) trial, and assuming Plaintiff prevails on all his claims, many months, if not years, of further litigation will necessarily follow in a trial concerning damages. With the prospect of the substantial, hard-fought results reached by the parties in the Settlement, the interests of affected Class Members are clearly best served by the Settlement. Plaintiff's trial team is led by Shannon McNulty and me, both of whom are nationally recognized and respected by the class action bar. Had the parties not reached a prospective settlement that offered meaningful relief in a relatively

short time frame, and for as many Class Members as possible, Ms. McNulty and I would not have recommended settlement.

6. Not only do Class Counsel steadfastly agree that the Settlement is beneficial and in the best interest of the Settlement Class, the manner in which it was achieved lends the Settlement additional, firm credence. Specifically, Mr. Faustin Pipal served as mediator in this matter. His efforts were extraordinary, diligent and fair, ensuring the parties' negotiations were at arms-length and in good faith. Indeed, the settlement terms actually came to fruition at his recommendation and with his diligent involvement as the mediator.

7. The proposed settlement came while Defendant's motion to dismiss was pending. While the Settlement was reached before the parties engaged in lengthy formal discovery, the parties did engage in informal discovery to ensure that Plaintiff had the necessary information regarding the details of the Data Exposure to effectuate a settlement that included relevant and meaningful relief. To this end, Plaintiff requested significant document production from Defendant in advance of mediation, and Defendant voluntarily produced the requested documents and information. This voluntary exchange of documentation and information ensured that all relevant facts, issues, strengths, and weaknesses were known to all and informed the parties and their respective counsel as they engaged in mediation.

8. The Settlement Class satisfies the commonality requirement. Each Settlement Class Member is a current or former employee of Roadrunner whose personally identifiable HR Data was exposed as a result of the Data Exposure. Further, based on the nature and subject matter of the Data Exposure, the alleged damages suffered by the Class are understood and have been addressed fairly in the Settlement.

4

9. Plaintiff David Nelson fully understands and accepts his charge as class representative of staying informed about the progress of the case and of conferring with Class Counsel regarding developments, including court filings and discovery and, of course, the Settlement and its terms. Plaintiff fully understands and accepts his charge as class representative of bringing suit on behalf of other current and former employees of Roadrunner whose personally identifiable HR Data was exposed through the Data Exposure. I strongly recommend that the Court confirm as final its prior appointment of Plaintiff as Class Representative.

10. In accord with Rule 23(e), I declare that no side agreements exist between the Parties in this Action.

I declare under penalty of perjury that the forgoing is true and correct.

Executed this 17th of July, 2020 at Tampa, Florida.


By: /s John A. Yanchunis
John A. Yanchunis, Esq.